Shaw C. J.
delivered the opinion of the Court. This petition is founded upon two grounds, 1. newly discovered and material evidence ; and 2. that the foreman of the jury who tried the cause, had an interest that the plaintiff should recover, or rather a claim against the petitioner depending upon the same state of facts as the issue then on trial, and had such a bias or prejudice, as to render it unfit and improper for him to sit as a juror.
[Upon the first point, the Court, upon the evidence, decided against granting a review.]
Upon the second point, it appears to the Court upon the evidence, that the foreman of the jury, as assignee of a judgment against Allen, who was insolvent, had an interest and claim, the success of which would depend upon the same state of facts controverted on the trial; and that the same state of facts which would warrant a verdict for the plaintiff in that suit, would support an action upon the trustee statute, against the petitioner, upon the judgment in which the juror was interested. It also appears that other persons similarly situated, and their attorneys, were looking to the verdict of the jury, to determine them whether they should prosecute their respective claims or not. But it does not appear that the juror, who was so interested jointly with others, had taken any active part in the prosecution of his claim, or that in fact he was at all influenced by it.
Upon this evidence the Court are of opinion, that the circumstances disclosed would have constituted a good ground of challenge to the juror, had the exception been seasonably taken. Many causes which would not render a witness incompetent, such as kindred, prejudice, interest in the question though not in the event of the suit, are sufficient to disqualify a juror. Testimony can only be obtained from the particular individual who knows the facts ; but great numbers may sit as jurors. And where there is abundant latitude for selection, none should sit who are not entirely impartial. This is equally demanded by the general principles of the common *476 law, (Hesketh v. Braddock, 3 Burr. 1856,) and by those of our own constitution, requiring all judges to be as free, impar tial and independent as the lot of humanity will admit. Declaration of Rights, art. 29.[1]
The species of influence which may be supposed unfavorably to affect the impartiality of a juror, is indicated by the provision of the statute in regard to the return and service of jurors. St. 1807, c. 140, § 9. It provides, that inquiry may be made of a juror, whether he is any way related to either party, or hath formed or given any opinion, or is sensible of any particular interest or prejudice in the cause.
We are of opinion therefore as the evidence now stands, that if the exception had been seasonably taken, it ought to have been sustained and the juror withdrawn from the panel. But a party knowing of ground of exception, who does not seasonably take it, must be deemed to have waived it. It would be inconsistent with the plain rules of fair dealing, to permit a party to take his chance for a verdict in his favor, knowing of a defect in the proceedings and meaning to avail himself of it to invalidate the verdict if against him. Jeffries v. Randall, 14 Mass. R. 206. So of a supposed interest in a county commissioner. . Ipswich v. County Commissioners of Essex, 10 Pick. 519. So of an objection to the partiality of a referee. Fox v. Hazelton, 10 Pick. 275.[2]
But the petitioner cannot be deemed to have waived the objection, if he did not know of the facts on which it rests, when the jury was empannelled. The petitioner therefore will be at liberty to file his own affidavit as to this fact, and both parties be at liberty to furnish further evidence upon this point, and to examine the foreman, without exception to his competency.
Note. —Afterwards, the petitioner filed his affidavit, stating that he had no knowledge that the foreman of the jury was the assignee of the judgment against Allen, or otherwise inter *477 ested, until after the verdict was returned and after the. final adjournment of the Court.

Writ of review granted.

 See Wilbraham v. County Commissioners of Hampden, ante, 327.

 See Hallock v. County of Franklin, 2 Metc. 560.